IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| VICTORIA OTTO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 05-359-CV-W-SOW |
| v. ) | |
| ) | |
| QUIKTRIP CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court are plaintiff Victoria Otto's ("Otto") Motion to Remand (Doc. # 4) and defendant QuikTrip Corporation's ("QT") Motion for Leave to Amend Notice of Removal of Civil Action (Doc. # 7). For the reasons set forth below, Otto's motion is denied and QT's motion is granted.

**I.     Background**

On April 20, 2005, QT removed this state tort action from the Circuit Court of Jackson County, Missouri, at Kansas City, to this Court. This Court's jurisdiction is based on alleged diversity of citizenship. Otto "is a citizen of the State of Missouri." Notice of Removal ¶ 4a. QT "is a citizen of a different state to the extent that it is a foreign corporation incorporated, and with its principal place of business, in the State of Oklahoma." Id. ¶ 4b. On May 2, 2005, Otto filed the pending Motion to Remand, arguing (1) QT's Notice of Removal is facially deficient because it does not allege the citizenship of the parties at the time this action was commenced and fails to allege sufficient facts as to QT's principal place of business, and (2) this Court does not have diversity

jurisdiction because QT has not proven by a preponderance of the evidence that Missouri is not its principal place of business.

## II. Discussion

"Diversity of jurisdiction exists where the amount in controversy is greater than $75,000 and where there is complete diversity of citizenship." Capitol Indemnity Corp. v. Russellville Steel Company, Inc., 367 F.3d 831, 835 (8th Cir. 2004). Complete diversity of citizenship is present when the defendant does not hold citizenship in the state where the plaintiff holds citizenship. Id. A corporation may be the citizen of two states for diversity purposes. Id. A corporation is a citizen of the state of its incorporation and is also a citizen of the state where it maintains its principal place of business. Id. For diversity purposes, a corporation can have only one principal place of business. Id.

### A. Failure to Allege Citizenship at the Time the Action was Commenced

The removing party must allege citizenship of the parties at the time the action was commenced and at the time of removal. Roberts v. Panhandle Eastern Pipe Line Co., 737 F. Supp. 545, 546 (W.D. Mo. 1990). Otto is correct that QT failed to allege the parties' citizenship at the time this action was commenced. Regarding Otto, QT's Notice of Removal states "Plaintiff *is* a citizen of the State of Missouri." Notice of Removal ¶ 4a (emphasis added). Moreover, paragraph 4a references Otto's Petition, which states "Plaintiff is an individual and *resident* of Jackson County, Missouri." (emphasis added). An allegation of residence, however, is not a sufficient allegation of citizenship. Patti v. Schwartz, 386 F.2d 300, 301 (8th Cir. 1968). Accordingly, QT has failed to properly allege Otto's citizenship at the time this action was commenced.

Regarding QT, it concedes that it "did not specifically state, at the time Plaintiff commenced her suit, it was a foreign corporation, incorporated, and with its principal place of business, in the State of Oklahoma [.]" Opposition Brief ¶ 6c.

Otto does not dispute that these defects are technical in nature. Although the Eighth Circuit has not addressed the issue, courts have allowed amendments to Notices of Removal to correct defective allegations of jurisdiction that are technical in nature. *See e.g.*, Roberts v. Panhandle Eastern Pipe Line Co., 737 F. Supp. 545, 548 (W.D. Mo. 1990); Stanley Elec. Contractors, Inc. v. Darin & Armstrong Co., 486 F. Supp. 769, 773 (E.D. Ky. 1980); *see also* Charles Alan Wright et al., Federal Practice and Procedure § 3733 (3rd ed. 1998). This Court joins those courts and therefore grants QT leave to amend its Notice of Removal.

### B. Failure to Allege Sufficient Facts Regarding QT'S Principal Place of Business

Pursuant to 28 U.S.C. § 1446(a), a Notice of Removal must contain "a short and plain statement of the grounds for removal." "[D]etailed grounds for removal need not be set forth in the notice." Wright at § 3733.

Here, plaintiff alleges that "it is a foreign corporation incorporated, *and with its principal place of business*, in the *State of Oklahoma*." Id. ¶ 4b (emphasis added). This allegation of fact is sufficient to allow this Court to exercise subject matter jurisdiction over this lawsuit.

### C. Substantive Challenge to Diversity Jurisdiction

Otto challenges QT's assertion that Oklahoma is the actual location of its principal place of business. QT has the burden of demonstrating by a preponderance of the evidence that the parties are citizens of different states. Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992). The

Eighth Circuit has adopted the "total activity" test to determine a corporation's principal place of business. Capitol, 367 F.3d at 836. "The total activity test looks at all corporate activities." Id. This determination initially depends upon the type of corporate defendant whose citizenship is being determined. Carter-Langham, Inc. v. Phillips Petroleum Co., 957 F. Supp. 940, 941 (S.D. Tex. 1997). "[W]hen considering a corporation whose operations are far flung, the sole nerve center of that corporation is more significant in determining principal place of business." J.A. Olson Co. v. City of Winona, Miss., 818 F.2d 401, 411 (5th Cir. 1987). A corporation's operations are "far flung" when it conducts varied activities in different states. Id. at 407.

Here, QT has submitted an affidavit stating that it maintains eight regional division offices in the following cities: Tulsa, Oklahoma; Mission, Kansas; Wichita, Kansas; Urbandale, Iowa; Tempe, Arizona; Norcross, Georgia; Fort Worth, Texas; and St. Charles, Missouri. Owen Affidavit ¶ 6. The location of these offices throughout the country supports a finding that QT's operations are "far flung." The "nerve center" analysis, therefore, must guide the result in this case. Carter-Langham, 957 F. Supp. at 941.

The "nerve center" of a corporation is the location of its corporate decision-makers and the location of its overall control. Capitol, 367 F.3d at 835. QT's affidavit states that its "corporate headquarters has always been located in the State of Oklahoma." Owen Affidavit ¶ 4. The affidavit further states that QT's corporate office, which is located in Tulsa, Oklahoma, "is responsible for the central management and direction of all business operations, including, but not limited to, accounting, claims handling, employee benefits, and marketing of QuikTrip Corporation products." Id. ¶ 5. The affidavit also states that QT's regional division managers "are directed by and report to the Corporate Office in Tulsa, Oklahoma." Id. ¶ 6. Based on this evidence, this Court finds that Oklahoma is QT's principal place of business. Because Oklahoma is QT's principal of business and

state of incorporation, and because Otto is a Missouri citizen, there is complete diversity of citizenship between the parties.

### III.    Conclusion

Accordingly, it is hereby

ORDERED that Otto's Motion to Remand (Doc. # 4) is denied.  It is further

ORDERED that QT's Motion for Leave to Amend Notice of Removal of Civil Action (Doc. # 7) is granted.  QT shall file its Amended Notice of Removal within five (5) days of the date of this Order.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: 6-13-05